# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

MIZANUR RAHMAN,

Petitioner,

v.

CHRISTOPHER LAROSE,

Respondent.

Case No. 26-cv-02022-BAS-DDL

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)**

This is Petitioner Mizanur Rahman's second habeas petition alleging that his immigration detention has been unreasonably prolonged without any bond hearing. (ECF No. 1.)  This Court denied the first Petition, finding Petitioner had failed to make a showing that the length of his detention was arbitrary or unreasonably prolonged.  *See Rahman v. LaRose*, No. 26-cv-00630-BAS-BLM (S.D. Cal. filed Feb. 2, 2026).

It has now been sixteen months since Petitioner was fir241-304-068st detained by the Department of Homeland Security ("DHS"), and he asserts again that his detention has been arbitrarily and unreasonably prolonged. (ECF No. 1.)  The Government files a Return in which it "concedes that this Court should order that Petitioner receive a bond hearing, where the government would bear the burden of proof of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight." (ECF No. 10.)  In light of the Government's concession, the Court **GRANTS** the Petition.

- 1 -

## I.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004).  "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.   ANALYSIS

Petitioner has been detained in immigration custody since November 29, 2024.  He is mandatorily detained under 8 U.S.C. § 1225, so Immigration Judges have correctly indicated they have no jurisdiction to consider bond.  However, the Government now concedes that Petitioner's sixteen-month detention is so prolonged that it warrants a bond hearing.  Hence, the Court **GRANTS** the Petition.

Accordingly, the Court issues the following writ:

The Court **ORDERS** a bond hearing before an Immigration Judge for Mizanur Rahman (A#241-304-068) within fourteen days of the date of this Order.  At that bond hearing, the Government has the burden of proving by clear and convincing evidence that, if released on bond, Petitioner would pose a risk of flight or a danger to the community.  If no bond hearing is held within fourteen days, Petitioner is ordered released forthwith.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: April 22, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv2022